IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL ACTION NO. 04-CR-295 |
| : | CIVIL ACTION NO. 11-CV-5717 |
| JOHNNY GUNTER : | |

**REPORT AND RECOMMENDATION**

CAROL SANDRA MOORE WELLS                                                                     January 13, 2012
CHIEF UNITED STATES MAGISTRATE JUDGE

Presently before this court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, filed *pro se*. Johnny Gunter ("Defendant"), currently incarcerated at the United State Penitentiary-Canaan in Waymart, Pennsylvania, seeks post-conviction relief based on two claims of ineffective assistance of counsel. The Honorable Joel S. Slomsky referred this matter to the undersigned for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Defendant's motion be DENIED without an evidentiary hearing.

**I. BACKGROUND AND PROCEDURAL HISTORY**[1]

On May 25, 2004, Defendant was charged with conspiracy to distribute more than 50 grams of cocaine base (Count 1), possessing with the intent to distribute more than 50 grams of cocaine base (Count 2), possessing with the intent to distribute more than 50 grams of cocaine base within 1000 feet of a school (Count 3), carrying a firearm during and in relation to the drug trafficking offense charged in Count 2 (Count 4) and being a felon in possession of a firearm (Count 5). Docket Entry 1. Defendant was tried by a jury from January 10-12, 2005 and, on January 12, 2005, was

---

[1] The facts set forth in this background and procedural history were gleaned from Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence ("Def. Mot."), his Brief in Support ("Def. Br."), the criminal docket for this case ("Docket"), the Government's Response to the § 2255 Motion ("Resp.") and the district court's entire file.

convicted of all five counts. (N.T. 1/12/05 at 77, 85). Defendant was initially sentenced to a term of incarceration of 283 months, 10 years of supervised release, a fine of $1,000 and a special assessment of $400. Resp. at 2. Several successful appeals resulted in re-sentencing, on December 22, 2009, Defendant received the sentence he is currently serving: 180 months of imprisonment, 10 years of supervised release and a special assessment of $300. *Id.* at 2-3.

On September 14, 2011, this case was reassigned from the retired Honorable John P. Fullam to Judge Slomsky. Docket Entry 119. On the same day, Defendant filed his § 2255 motion, claiming that trial counsel was ineffective for: (1) withdrawing a pre-trail motion to suppress all of the physical evidence admitted against him; and (2) failing to move for judgment of acquittal with respect to Count 4. Def. Mot. at 6. Judge Slomsky referred the § 2255 motion to the undersigned on September 20, 2011. Docket Entry 121. The government filed its response to the § 2255 motion on December 22, 2011. Docket Entry 126. This court finds that Defendant's two claims lack merit.

## II. DISCUSSION

**A.     Standards of Review**

Section 2255 provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Claims of ineffective assistance of counsel are governed by the two-part test announced in

*Strickland v. Washington*, 466 U.S. 668 (1984). First, the defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In making this determination, the court's scrutiny of counsel's performance must be "highly deferential." *Id.* at 689. The court should make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* In short, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [defendant] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.*

Second, the defendant must show that counsel's deficient performance "prejudiced the defense" by "depriv[ing] the [defendant] of a fair trial, a trial whose result is reliable." *Id.* at 687. That is, the defendant must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. "A reasonable probability is a probability sufficient to undermine confidence in the outcome," *id.* at 694, but it is less than a preponderance of the evidence. *Id.* at 693, 694. In cases where it is alleged that trial counsel was ineffective for failing to properly litigate a Fourth Amendment claim, the defendant must show that the Fourth Amendment claim was meritorious as a component of proving prejudice. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). If the Fourth Amendment claim is meritorious, the defendant must then demonstrate a reasonable probability that the verdict would have been different if the evidence had been excluded. *Id.*

If the defendant fails to satisfy either prong of the *Strickland* test, there is no need to evaluate the other part, as his claim will fail. *Strickland*, 466 U.S. at 697. Further, counsel will not deemed

to be ineffective for failing to present an unmeritorious claim or objection. *Parrish v. Fulcomer*, 150 F.3d 326, 328-29 (3d Cir. 1998).

**B.     The Merits of Defendant's Claims**

    **1.     Trial Counsel was not Ineffective for Withdrawing the Suppression Motion**

Defendant contends that trial counsel was ineffective for withdrawing his pre-trial motion to suppress the evidence seized pursuant to the search warrant. Def. Mot. at 6. He believes that trial counsel could have demonstrated that the warrant lacked probable cause; hence, the seized evidence should have been suppressed. *Id.*; Def. Br. at 23-56. Defendant maintains that the warrant was deficient because the two purported controlled purchases of cocaine from Room 108 of the Penn View Motel listed in the search warrant affidavit never occurred. Def. Br. at 24. The only support for this assertion is Defendant's own self-serving allegation that he was in Room 108 on the days in question and saw that no sales of cocaine occurred. *Id.* at 24-25.

A search warrant affidavit is presumed to be valid. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). In order to obtain a hearing to challenge a search warrant affidavit (and, hence, the warrant itself) the defendant must allege deliberate falsehood on the part of the affiant **and** support those allegations with an offer of proof. *Id.* To prevail at a hearing, the defendant must demonstrate, by a preponderance of the evidence, that: (1) the affiant lied or recklessly disregarded the truth; and (2) with the affidavit's false material set aside, the remaining content is insufficient to establish probable cause. *Id.* at 156.

The search warrant affidavit, prepared by Berks County Detective Joshua Romig, facially provides probable cause, because it describes two controlled purchases of cocaine inside Room 108 of the Penn View Motel, in late January 2004 and early February 2004. *See* Def. Br., Exhibit G at

[3]. At the suppression hearing, Detective Romig testified that the information he included in the warrant application about the two controlled purchases was correct. (N.T. 12/22/04 (Document No. 64) at 62-65).[2] He specified that the first controlled purchase was on January 27, 2004 at 4:37 p.m. and the second on February 3, 2004 at 5:00 p.m. *Id.* at 68-69.

Defendant's only contradictory "proof" that Detective Romig's averments constitute perjury are his bald assertions that no drug sales took place from Room 108 on those two dates. If Defendant testified in this manner at a hearing, he could not establish by a preponderance of credible evidence that Detective Romig lied or recklessly disregarded the truth. First, Defendant is a biased witness with a clear incentive to lie. Second, Defendant has a prior felony conviction, which further compromises his credibility. *See* Fed. R. Ev. 609(a)(1). Hence, his testimony alone is inadequate to prove by a preponderance that Detective Romig deliberately lied or recklessly disregarded the truth. Accordingly, had the suppression motion been fully litigated rather than withdrawn, the evidence still would not have been suppressed. *See Franks*, 438 U.S. at 156. Inasmuch as Defendant's Fourth Amendment suppression claim lacks merit, he cannot demonstrate the requisite prejudice. *See Kimmelman*, 477 U.S. at 375.

2. **Trial Counsel was not Ineffective fo Failing to File a Motion for Judgment of Acquittal**

Defendant claims that trial counsel was ineffective for failing to move for judgment of acquittal pursuant to Fed. R. Crim. P. 29 ("Rule 29").[3] Def. Mot. at 6. This claim is belied by the record; trial counsel did bring such a motion, which the trial court denied. (N.T. 1/11/05 at 197).

---

[2] There are two transcripts of the December 22, 2004 hearing. One (Document No. 64) lists December 12, 2004 on the cover page. However, the district judge states that the hearing is taking place on December 22, 2004. *See* Document No. 64 at 3). The other transcript (Document No. 77) lists December 22, 2004 on the cover page. All citations to the December 22, 2004 hearing transcript are to Document No. 64.

[3] Rule 29(a) allows the defendant to move for judgment of acquittal upon the close of the government's case. The motion is granted for any offense where the evidence is insufficient to sustain a conviction. *Id.*

Counsel's oral motion was terse and did not state the specific ground Defendant now advances: that there insufficient evidence to support Count 4, because the government had only proved his constructive possession of the firearm, not that he carried it during and in relation to the drug trafficking crime charged in Count 2.  However, as explained below, sufficient record evidence supports the jury's finding that Defendant carried the firearm.  Hence, trial counsel was not ineffective for failing to advance the specific ground Defendant pursues now.  *See Parrish*, 150 F.3d at 328-29 (counsel is not ineffective for failing to pursue an argument that lacks merit).

The government was obligated to prove that Defendant carried a firearm during and in relation to the drug trafficking crime charged in Count 2.  *See* 18 U.S.C. § 924(c)(1)(A); *Muscarello v. United States*, 524 U.S. 125, 126 (1998).  In this case, the following facts are uncontested.  When the Berks County Narcotic Unit executed the search warrant on February 3, 2004 on Room 108 of the Penn View Motel at approximately 6:10 p.m., Defendant was alone in the room and was wearing only boxer shorts and a T-shirt.  However, on the bed in the motel room, there were a pair of jeans containing approximately $500 in U.S. currency and a firearm.  Also, approximately 72.5 grams of crack were found in a black suitcase in the room, a quantity which an expert testified was consistent with possession with the intent to distribute, rather than possession for personal use.  Other items found in the room were a digital scale, additional bullets for the firearm, and drug paraphernalia.

Defendant argues that, because he was not wearing the pants that held the seized firearm at the moment the police executed the search warrant, the government only proved his constructive possession of the firearm, which does not satisfy the statute's carrying requirement.  Def. Br. at 57-58.  Defendant's claim fails; the government was not required to prove that he carried the firearm at the precise moment the search warrant was being executed.  Instead, the government had to prove

that Defendant carried the firearm at some point in time when he possessed the seized crack with the intent to distribute it. *See* N.T. 1/12/05 at 59-60. Denise Jackson, Defendant's co-conspirator, testified that, on February 3, 2004 between 11:00 and 11:30 a.m., Defendant arrived at Room 108 with crack he had purchased in New York; she identified the seized firearm as belonging to Defendant and testified that Defendant always carried the firearm or kept it nearby when he was in bed. (N.T. 1/11/05 at 93, 97). Berks County Corporal Scott Errington testified that, while he was performing surveillance of Room 108 for approximately 45 minutes prior to the execution of the search warrant on February 3, 2004, he saw eight to ten people drive up to the room, enter for a minute or two and then leave. (N.T. 1/10/05 at 85-86). This evidence, together with the undisputed evidence, proves, circumstantially and sufficiently, that on February 3, 2004 while in Room 108, Defendant possessed the seized crack with the intent to distribute it and that, at some point in time that day, he had carried the seized firearm during and in relation to his drug trafficking crime (which is possession with intent to distribute, as charged in Count 2).

### III. CONCLUSION

Defendant's claims lack merit. Therefore, his § 2255 motion should be denied without a hearing. Reasonable jurists would not debate the appropriateness of the court's substantive disposition of Defendant's claims; therefore, a certificate of appealability should not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, I make the following:

## RECOMMENDATION

**AND NOW**, this 13th day of January, 2012, for the reasons contained in the preceding Report, it is hereby **RECOMMENDED** that Defendant's claims be **DENIED** without an evidentiary hearing. Defendant has failed to demonstrate that any reasonable jurist could find this court's substantive rulings debatable; hence, there is no probable cause to issue a certificate of appealability.

Defendant may file objections to this Report and Recommendation within fourteen (14) days of being served with a copy of it. *See* Local R. Civ. P. 72.1(IV). Failure to file timely objections may constitute a waiver of any appellate rights.

It be so **ORDERED**.

        */s/ Carol Sandra Moore Wells*
        CAROL SANDRA MOORE WELLS
        Chief United States Magistrate Judge